IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| **SCOTT MATHEWS, individually, and on behalf of all others similarly situated,**<br><br>**PLAINTIFF,**<br><br>v.<br><br>**VERIZON COMMUNICATIONS INC.,**<br><br>**DEFENDANT.** | **Civil Action No. --------**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Scott Mathews ("Plaintiff" or "Mathews"), by and through his attorneys, The Kim Law Firm, LLC, and on behalf of himself and the Putative Class set forth below, and in the public interest, hereby brings the following class action Complaint against Defendant Verizon Communications Inc. ("Verizon" or "Defendant"), pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

**PRELIMINARY STATEMENT**

1.   This case concerns Verizon's willful and illicit accessing of sensitive personal information of individuals in violation of the FCRA.

2.   Verizon states that it is a global leader delivering innovative communications and technology solutions. The Company operates through a number of subsidiaries, including (but not limited to) Verizon Wireless.[1] Upon information and belief, Verizon conducts credit inquiries of prospective customers in order to determine plan eligibility. However, as alleged in greater detail

---

[1]   For purposes of this Complaint, Verizon and its subsidiaries, including Verizon Wireless, will be referred to as "Verizon" or "Defendant".

1

herein, Verizon also conducts credit inquiries of individuals who are neither Verizon customers nor Verizon prospective customers. That is, these are individuals who have not attempted to open an account with Verizon, but yet have still been the victim of a credit inquiry conducted by Defendant. As alleged herein, Verizon, routinely and regularly obtains the credit reports[2] of these individuals without any permissible purpose.

3. Accordingly, Plaintiff, individually, and on behalf of all others similarly situated, seeks to obtain redress for a nationwide class of consumers.

## PARTIES

4. Individual and representative Plaintiff Mathews is a resident of Black Hawk, Colorado. Mr. Mathews is a member of the Putative Class defined below and is a consumer as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Verizon is a corporation that provides communications services, is registered to do business in the State of New Jersey and maintains "operational headquarters" located at One Verizon Way, Basking Ridge, New Jersey 07920.[3] Verizon is a "person" as defined by 15 U.S.C. § 1681a(b).

6. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant aided and abetted the acts and omissions alleged herein.

---

[2]   A credit inquiry by Verizon results in Verizon obtaining the credit report of an individual.

[3]   According to Verizon's website, "[o]ur official headquarters and Board of Directors are located in New York City. However, our executive leadership and corporate functions are located in Basking Ridge, New Jersey." See https://www.verizon.com/about/our-company/verizon-corporate-headquarters

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

8. Venue is proper in the District of New Jersey, Newark Vicinage, as Defendant engages in substantial business activity in this District and maintains its "operational headquarters" in this District.

## FACTUAL ALLEGATIONS

9. Plaintiff is not and was not a Verizon customer. Plaintiff is not and was not a prospective Verizon customer. At no relevant time did Plaintiff have open, initiate opening, or inquire about opening, any account with Verizon.

10. In or about September 2018, Plaintiff was performing a routine check of his credit. To Plaintiff's shock, Plaintiff discovered that Defendant had performed a credit inquiry on him on September 10, 2018, despite the fact that Plaintiff had no relationship with Defendant whatsoever and had not provided Defendant with written authorization to conduct such an inquiry.

11. Plaintiff was further bewildered when he received a letter from Defendant dated September 25, 2018 (attached hereto at Exhibit A) informing him that a Verizon Wireless account had been opened in his name. Plaintiff had never at relevant times opened or initiated the opening of an account with Defendant or any of its subsidiaries.

12. Plaintiff was then forced to expend time, resources, and effort in order to rectify the situation (which he in no way caused), to the extent possible. By letter dated October 1, 2019 (attached hereto at Exhibit B), Defendant acknowledged that the account in question had not been opened or initiated by Plaintiff. Yet despite this, Defendant had still impermissibly obtained Plaintiff's credit report which contained sensitive private and personal information.

13. As set forth herein, Plaintiff was not a Verizon customer and had never sought to open an account with Verizon. Defendant had absolutely no permissible purpose for performing any credit inquiry on Plaintiff whatsoever.

14. Plaintiff did not initiate a transaction with Defendant, and Verizon had no permissible purpose to obtain Plaintiff's credit report. Even if Plaintiff had been a prospective Verizon customer (which he was not), Verizon did not have a permissible purpose in obtaining Plaintiff's credit report as Defendant would have been required to receive written instructions from Plaintiff, as required pursuant to 15 U.S.C. 1681b(a)(2) of the FCRA, prior to accessing Plaintiff's consumer report. Defendant never received any such written authorization from Plaintiff.

15. Plaintiff never signed any agreement with Defendant, never agreed to purchase or obtain any services from Defendant, and never had any contact with Defendant whatsoever. Plaintiff only subsequently learned through his own diligence that Verizon, without written authorization (or any legitimate reason) to do so, had obtained his credit report through a credit inquiry that appeared on his credit report.

16. Upon information and belief, Verizon has routinely and systematically obtained credit reports on individuals who are neither current nor prospective Verizon customers, with no permissible purpose or written consent, resulting in credit inquiries. Astoundingly, Verizon proceeds with conducting a credit inquiry, resulting in a disclosure of unauthorized private information as well as a reduction in credit score.

17. Complaints are found strewn throughout the public domain regarding Verizon accounts illicitly opened in the name of individuals who are not current or prospective Verizon customers (or who were prospective Verizon customers but declined to undergo the necessary steps to open an account with Defendant). Upon information and belief, Verizon conducts a credit

inquiry on each of these individuals prior to opening the illicit account. Defendant has done nothing to remedy the illegal and/or illicit behavior, which persists on a systemic basis. By way of example only:



https://www.avvo.com/legal-answers/someone-has-stolen-my-identity-and-opened-a-verizo-3016082.html

> **Posted by u/hahaeh 8 months ago**
>
> **Someone opened a fraudulent Verizon account in my name, Verizon notified.. other precautions?**
>
> Other
>
> Hi all!I received a bill today to pay a bill for an account with verizon. The problem is.. I don't have any accounts open with Verizon, nor any devices being leased with Verizon at this time. It seems like this is a common fraud scam that happens, as verizon has a page set up to report such things. I've already got most of the paperwork needed to file a fraud claim on their website, but I still have to go make a police report and report it.
>
> My question is -- are there other precautions I need to take in order to stop whomever did this from opening other accounts in my name? Do I need to do a credit freeze with the credit bureaus? There are no sort of hard credit inquiries on my account, so I don't know exactly if a credit freeze is necessary? I'm not sure what kind of ID/etc. this person would have needed to open an account in my name, so I'm not sure what other steps I need to take.
>
> Thanks in advance!

https://www.reddit.com/r/personalfinance/comments/aty6c7/someone_opened_a_fraudulent_verizon_account_in_my/

[remainder of page intentionally left blank]



https://www.reddit.com/r/verizon/comments/a0kald/verizon_wireless_fraudulent_account/

18. Upon information and belief, Verizon purportedly has (or is supposed to have) safeguards in place to ensure that fraudulent accounts are not opened in another person's name. These safeguards should include (but are not limited to) the presentation of photo identification, and a process to ensure that an entirely different individual with a similar or identical name to a prospective customer does not have his or her credit pulled. However, it is evident that these

7

safeguards are either not in place at all, are completely illusory, or are wholly insufficient in practice.

19.     Upon information and belief, Defendant conducts a credit inquiry for every individual that has an account improperly opened in his or her name. Upon further information and belief, many of these individuals were or are unaware that a credit inquiry had been performed, until and unless Defendant informs them of this fact.

20.     The frustrations of consumers in attempting to resolve the opening of false accounts with Verizon is well noted throughout the internet:

**Verizon Wireless — frustrations in dealing with verizon wireless fraud dept.**

Review updated: Aug 02, 2019                                                                     8 comments

Ive had the worst time with Verizon Wireless - their fraud department veers from comical to borderline incomeptetent. Someone opened a verizon wireless account in my name at an address i never lived at back in late 2011. They received several thousand dollars worth of Verizon service. When i contacted Verizon to explain this was fraud having noted my credit score had been negatively impacted (note, i contacted them, not the other way round), they have "concluded a thorough investigation and deduced it is not fraud". Ive yet to receive a single letter from Verizon to my correct address containing any details of what i owe them, or why it isnt fraud. ive been in touch with the frqaud department on at least a dozen occasions and have even spoken tot he executive relations department. all to no avail - it almost seems like noone over there cares, they're just intent on following their process. So i keep getting calls from debt colectors who leave me alone as soon as i tell them its fraud and give them the police crime #. So Verizon Wireless just move to the next debt collector, and add a few hundred dollars in fees to the bill. Really, Verrizon? If i ddint pay it because i wasnt responsible when it was 3500 dollars, do you think making it bigger is going to change my viewpoint?

https://www.complaintsboard.com/complaints/verizon-wireless-frustrations-in-dealing-with-verizon-wireless-fraud-dept-c638514.html#comments

21. Comments by other consumers to the above post confirm Verizon's failure to appropriately safeguard the credit and privacy harm accompanying the opening of false accounts:

Wow I had the exact same experience with Verizon fraud as you dcharrison111. I randomly began receiving bills from Verizon last year around November. I have had AT&T since I was in high school and had never even thought of switching providers. I called and they started "investigating" my case and eventually decided it wasn't fraud... The same person whole stole my identity also opened accounts with Sprint and T-Mobile. Both of these companies almost instantly dropped their charges once I showed them a police report. But to this day I still have a mark on my credit from Verizon. They simply refused to acknowledge the evidence I had proving I did not open the account. Whats even more ridiculous is that the phone what purchased in Florida. I live in California and have never even been to Florida! It's like a nightmare that will never end...


0 Votes                                                                                                        ↰Reply

Verizon did the same thing to me. they claim I owe them over 2 thousand dollars but I never opened an account with verizon in my whole entire life. I contacted them and they said I have to make a police report and post it on there fraud website along with other documents. when I went to the police to make a report they asked me for account information which I didn't have and told me that I have to get all the information about this account before I can make a report. I called verizon fraud dept. and asked them for account information and they refused to give me any information besides the account number, and told me to tell the police officer to call them and they will provide the him/her with the needed information. I went again to police dept. and told them what the lady from verizon told me and the police officer refused to call verizon and told me that is not his job and that verizon must give me the information since they claim I am the owner of the account. I called verizon again but they refused to give me any information saying that this is their policy since the account is beeing reported as fraudulent account. and since that time I have not been able to do anything. But I have been thinking that someone has to put a stop to all this, and I am thinking if some how all the people that have been victims of verizon fraud account get together and sew them that would be the way to go. I am thinking on how to get a whole group of victims and I know there has to thousands of them out there after reading this post and other posts on the web. I will not rest till I get them back because they ruined my credit and I refuse to pay for something I didn't do.


+3 Votes                                                                                                       ↰Reply

Id.

22. Verizon is an established business (indeed, a publicly traded company) with access to legal advice through its own general counsel's office and outside counsel, yet still continuously and extensively violates the law even after having been notified of the wrongdoing.

23. At all times pertinent hereto, Defendant was acting by and through its subsidiaries, agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

24. At all times pertinent hereto, the conduct of the Defendant, as well as that of its subsidiaries, agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff.

25. As a result of Defendant's conduct, the Plaintiff and members of the Putative Class have suffered concrete injuries. In addition to having their privacy invaded, informational injuries, and reduction in credit scores, Plaintiff and members of the Putative Class have had their personal identifying information unnecessarily disseminated to the Defendant, and, upon information and belief to its related information-sharing affiliates. Defendant has subjected consumer class members to increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress. These injuries are particularized and concrete, but difficult to quantify rendering the recovery of class statutory damages ideal and appropriate.

## CLASS ACTION ALLEGATIONS

26. Plaintiff asserts his claim in Count One individually and on behalf of the "FCRA Impermissible Purpose Class" defined as follows:

> **FCRA Impermissible Purpose Class.** All persons within the United States who never authorized Verizon to open an account, who had a credit inquiry performed on his or her credit by Defendant

without any permissible purpose, within the five years prior to the filing of the Complaint until the date of final judgment in this action.

27. **Numerosity.** The members of the Putative Class are so numerous that the individual joinder of all of its members is impracticable. While the exact number and identities of the members of the Putative Class are unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that the Putative Class includes hundreds or thousands of members, which can be ascertained by the records maintained by Defendant.

28. **Typicality.** Plaintiff and members of the Putative Class were harmed by the acts of Defendant in at least the following ways: Defendant routinely accesses consumer credit reports of individuals who never authorized Verizon to open an account, with no permissible purpose and without written authorization. The FCRA violations suffered by Plaintiff are typical of those suffered by other members of the Putative Class, and Verizon treated Plaintiff consistent with other members of the Putative Class.

29. **Adequacy.** Plaintiff is an adequate representative of the Putative Class. As a person who had his credit report obtained by Defendant without any permissible purpose, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Class. Plaintiff has retained counsel competent and experienced in complex class action litigation.

30. **Commonality.** Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

   a. Whether Defendant obtained consumer reports without a permissible purpose and without written authorization;

      b. Whether Defendant's actions violated the FCRA;

      c. The proper measure of statutory and punitive damages; and

      d. The proper form of injunctive and declaratory relief.

31. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Putative Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

32. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Putative Class as a whole.

33. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar pending claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative

litigation that might result in inconsistent judgment concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

34. Plaintiff intends to provide notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

35. Plaintiff represents, and is a member of the Putative Class, consisting of all persons within the United States who never authorized Verizon to open an account, who had a credit inquiry performed on his or her credit by Defendant without any permissible purpose, within the five years prior to the filing of the Complaint until the date of final judgment in this action.

## CAUSES OF ACTION

## COUNT ONE

**(Asserted on behalf of Plaintiff and the FCRA Impermissible Purpose Class)**

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681** *et seq.*

36. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

37. Plaintiff is a "consumer" as defined by the FCRA.

38. Verizon is a "person" as defined by the FCRA.

39. Defendant's conduct violates 15 U.S.C. § 1681b by obtaining a consumer report knowingly without a permissible purpose and without authorization from Plaintiff and the Class members.

40. The foregoing violations were willful. Verizon knew or should have known that it was not authorized to request Plaintiff's and the Class members' credit reports and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b.

41. Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 168ln(a)(l)(A).

42. Plaintiff and the Class are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

43. Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

44. WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

   a. Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

   b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Issuing proper notice to the Putative Class at Defendant's expense;

   d. Declaring that Verizon committed multiple, separate violations of the FCRA;

   e. Declaring that Verizon acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    f.   Awarding appropriate equitable relief, including, but not limited to, an injunction forbidding Verizon from engaging in further unlawful conduct in violation of the FCRA;

    g.   Awarding statutory damages and punitive damages as provided by the FCRA;

    h.   Awarding reasonable attorneys' fees and costs;

    i.   Awarding Plaintiff and the class treble damages where appropriate; and

    j.   Granting such other and further relief, in law or equity, as this Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: December 17, 2019                    Respectfully submitted,

                                                    **THE KIM LAW FIRM, LLC**

BY:   */s/ Richard H. Kim*
         Richard Kim, Esquire
         Attorney I.D. No.: 010412005
         David M. Promisloff, Esquire
         1635 Market St., Suite 1600
         Philadelphia, PA 19103
         Ph. 855-996-6342/Fax 855-235-5855
         rkim@thekimlawfirmllc.com
         dpromisloff@thekimlawfirmllc.com

         *Attorneys for Plaintiff Scott Mathews*